UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


TONY M. HAYWARD,

                    Petitioner,

vs.                                        Case No. 3:18-cv-709-J-39PDB

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

                    Respondents.

_____

**ORDER**

**I.   INTRODUCTION**

On May 30, 2018, pursuant to the mailbox rule, Petitioner, Tony M. Hayward, initiated this case by filing a typewritten document entitled Petition for Writ of Habeas Corpus (Doc. 1).  On August 3, 2018, pursuant to the mailbox rule, he filed an Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Petition) (Doc. 8).  He challenges his state court (Duval County) conviction for three counts of sale or delivery of cocaine.  Id. at 1.  He presents two grounds for habeas relief: (1) the trial court illegally sentenced him as a habitual felony offender, and (2) the trial court erred in imposing a

habitual felony offender sentence by relying on a prior conviction for possession of marijuana. Id. at 5, 8.

Respondents filed a Response and Motion to Dismiss (Response) (Doc. 10). Petitioner filed a Reply to Respondents' Response (Reply) (Doc. 11).[1] See Order (Doc. 9). Apparently admitting untimeliness of his federal habeas petition, Petitioner asserts he satisfies the requirements for the actual innocence gateway to federal habeas review. (Doc. 11 at 1).

## II. EVIDENTIARY HEARING

Petitioner carries the burden to establish a need for an evidentiary hearing. See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative and inconcrete claims of need), cert. denied, 565 U.S. 1120 (2012). In this case, the Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004). Accordingly, Petitioner is not entitled to an evidentiary hearing. Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

---

[1] With respect to the Petition, Response, Reply, and all exhibits, the Court will reference the page numbers assigned by the electronic filing system.

### III.  TIMELINESS

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitation:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend Petitioner has failed to comply with the limitation period described above.   Response at 6-9. Additionally, Respondents assert Petitioner is not entitled to the extraordinary remedy of equitable tolling.   Id. at 10-14.

After a thorough review of the record, the Court concludes the Petition is untimely filed.   The procedural history shows the state filed a Notice of Intent to Classify Defendant as an Habitual Felony Offender (Doc. 10-2 at 2) relying on two prior convictions: the prior conviction and sentence for sale of cocaine, on August 14, 1998 (Pinellas County conviction), and the prior conviction and sentence for possession of more than twenty grams of cannabis, on March 6, 2012 (Duval County conviction).   Petitioner pled guilty to the charged offenses (three counts of sale or delivery of cocaine).   (Doc. 10-3 at 2-3).   Judgement and sentence were entered on March 12, 2013 for three counts of sale, manufacture, or delivery of cocaine.   (Doc. 10-4 at 2-8).   For habitual offender purposes, the sentencing packet included a record of the following prior offenses:   case no. 98-09332 (Pinellas County) for one count of trafficking in cocaine, multiple counts of sale of cocaine, and multiple counts of possession of cocaine; case no. 2011-CF-012441 (Duval County) for one count of possession of more than twenty grams of cannabis.   (Doc. 10-5).

Case 3:18-cv-00709-BJD-PDB   Document 13   Filed 05/26/20   Page 5 of 14 PageID 357


After conviction, Petitioner did not appeal. The conviction would have become final on Thursday, April 11, 2013 (upon expiration of the thirty-day period in which to appeal the judgment and sentence); however, during the thirty-day period, on April 1, 2013, Petitioner filed a Rule 3.800(a) motion. (Doc. 10-6 at 4-6). Thus, the limitation period remained tolled. The circuit court denied the motion. Id. at 7. Petitioner appealed the denial of his first Rule 3.800(a) motion, id. at 8-9, and the First District Court of Appeal (1st DCA) affirmed per curiam on October 17, 2013. (Doc. 10-8 at 2). The mandate issued on November 13, 2013. Id. at 4. Meanwhile, while the limitation period was tolled, Petitioner filed his second Rule 3.800(a) motion on July 15, 2013. (Doc. 10-9 at 4-7). Notably, in support of this motion, Petitioner attached a "No Information" for case no. 98-9333 (Pinellas County), dated August 11, 1998. (Doc. 10-9 at 11). However, this was not the Pinellas County case referenced in the sentencing packet nor in the habitual offender notice.[2] The circuit court denied the second Rule 3.800(a) motion. Id. at 12. Petitioner appealed. Id. at 13. On December 20, 2013, the 1st DCA affirmed per curiam. (Doc. 10-11 at 4). The mandate issued

---

[2] To be clear, the Pinellas County case referenced in the sentencing packet and the habitual felony offender notice is case no. 98-09332, not 98-09333.

5

on Monday, January 13, 2014.  Id. at 3.  Thus, the limitation period remained tolled up to and including January 13, 2014.

The one-year limitation period began to run on Tuesday, January 14, 2014 and expired on Wednesday, January 14, 2015. Petitioner did not file his federal petition until May 30, 2018, pursuant to the mailbox rule.

The filing of the third Rule 3.850 motion on December 11, 2015, pursuant to the mailbox rule, did not toll the federal one-year limitation period because it had already expired on January 13, 2014.  (Doc. 10-16 at 5-9).  See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam), cert. denied, 531 U.S. 991 (2000) ("Under '2244(d)(2), even 'properly filed' state court petitions must be 'pending' in order to toll the limitations period.  A state court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Indeed, "once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it." Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004).  Neither did the filing of the fourth Rule 3.800(a) motion on March 3, 2017, pursuant to the mailbox rule. (Doc. 10-16 at 11-26).

Based on the history outlined above, the federal petition filed in May, 2018 is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted. In his Reply, Petitioner does not contend he is entitled to equitable tolling of the limitation period; he does however claim actual innocence.

To the extent Petitioner contends he is entitled to equitable tolling of the limitation period in his Petition at 14-15, he has failed to establish equitable tolling is warranted. Damren v. Fla., 776 F.3d 816, 821 (11th Cir. 2015) (per curiam), cert. denied, 137 S. Ct. 830 (2017). In order to be entitled to equitable tolling a petitioner is required to demonstrate two criteria: (1) the diligent pursuit of his rights and (2) some extraordinary circumstance that stood in his way and that prevented timely filing. Agnew v. Fla., No. 16-14451-CIV, 2017 WL 962489, at *5 (S.D. Fla. Feb. 1, 2017), report and recommendation adopted by 2017 WL 962486 (S.D. Fla. Feb. 22, 2017). Equitable tolling is an extraordinary remedy, employed in "rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017) (quotations and citation omitted), cert. denied, 138 S. Ct. 1042 (2018).

As such, a petitioner must make a showing of extraordinary circumstances that "are both beyond his control and unavoidable

even with diligence," a hurdle not easily surmounted.  Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted), cert. denied, 546 U.S. 1108 (2006).  The petitioner carries the burden of persuasion, and, in this instance, Petitioner has not met this high hurdle.  Indeed, he has not pled "enough facts that, if true, would justify an evidentiary hearing on the issue." Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014) (quoting Hutchinson v. Fla., 677 F.3d 1097, 1099 (11th Cir. 2012)), cert. denied, 135 S. Ct. 1171 (2015).

Petitioner asserts equitable tolling is warranted because he was proceeding pro se in state court, unskilled in the law, and reliant on the advice of inmate law clerks.  Petition at 14-15. A habeas petitioner's lack of legal training and general ignorance of the law are not extraordinary circumstances justifying equitable tolling.  Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005) (per curiam) (procedural ignorance is not an acceptable excuse); Perez v. Fla., 519 F. App'x 995, 997 (11th Cir. 2013) (per curiam) (lack of legal education is an insufficient excuse).  See Custodio v. Sec'y, Dep't of Corr., No. 8:17-cv-1963-T-02SPF, 2020 WL 1332029, at *2 (M.D. Fla. Mar. 23, 2020) (finding lack of formal education, limited access to prison law clerks, and incorrect advice from inmate law clerks not to constitute extraordinary circumstances warranting equitable tolling).  As

8

expected of other litigants, pro se litigants "are deemed to know of the one-year statute of limitations." Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007) (per curiam), cert. denied, 552 U.S. 1232 (2008). Furthermore, "any negligence or incorrect advice by inmate law clerks is insufficient for equitable tolling." Joubert v. McNeil, No. 08-23374-CIV, 2010 WL 451102, at *1 (S.D. Fla. Feb. 8, 2010) (citing Marsh v. Soares, 223 F.3d 1217, 1220-21 (10th Cir.2000)).

Petitioner has failed to show an extraordinary circumstance, and he has not met the burden of showing equitable tolling is warranted.  The record demonstrates he had ample time to exhaust state remedies and prepare and file a federal petition.  The Court is not persuaded Petitioner acted diligently.  Indeed, he failed to file any tolling applications during the running of the un-tolled period from January 14, 2014 through January 14, 2015. Legal precedence teaches equitable tolling should be used sparingly, and in this instance, Petitioner has failed to show he exercised due diligence.  Further, he has not identified some extraordinary circumstance that stood in his way that prevented timely filing, and an entire year passed after the lifting of the tolling period in which he did not file any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim"[.] 28 U.S.C. §

2244(d)(2).   Under these circumstances, equitable tolling is not warranted.

Although, "[a]ctual innocence may provide a gateway for a § 2254 petitioner to obtain a decision on the merits for an otherwise time-barred claim[,]" Creel v. Daniels, No. 5:16-cv-00803-LSC-JEO, 2018 WL 2187797, at *2 (N.D. Ala. Apr. 12, 2018), report and recommendation adopted by 2018 WL 2184543 (N.D. Ala. May 11, 2018) (citing McQuiggin v. Perkins, 569 U.S. 383, 392 (2013)), to invoke the fundamental miscarriage of justice exception to AEDPA's statute of limitations, a habeas petitioner must make a credible showing of actual innocence with new reliable evidence that was not presented at trial.   See Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir.) (per curiam) (finding the alleged exception for AEDPA untimeliness requires a petitioner (1) to present "new reliable evidence . . . that was not presented at trial," . . .  and (2) to show "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence) (citations omitted), cert. denied, 568 U.S. 914 (2012).

Petitioner asserts he is actually innocent of his enhanced sentence as an habitual felony offender.   (Doc. 11 at 2).   He asserts the predicate offense of sale of cocaine from Pinellas County, case no. 93-09332, resulted in a "no information" and could

not be utilized to satisfy a habitual offender enhancement.   (Doc. 11 at 2).   As noted previously, the documentation Petitioner relies upon to support this contention shows there was a "no information" in case no. 98-09333 (Pinellas County) (Doc. 10-9 at 11) for sale/possession of cocaine, not in case no. 98-09332 (Pinellas County), the Pinellas County conviction upon which the state court relied to sentence Petitioner as an habitual felony offender.   Therefore, there is no merit to Petitioner's contention that the trial court relied on an improper predicate offense from Pinellas County.   The record demonstrates otherwise.

Petitioner also asserts the trial court improperly relied on a Duval County case, case no. 11-12441 for possession of more than twenty grams of cannabis imposed on March 6, 2012, to enhance his sentence.   (Doc. 11 at 4).   He claims the court "was not authorized to sentence Petitioner for his prior conviction for possession of controlled substance, despite the fact that Petitioner agreed to habitualization."   Id. at 4-5.

This contention is also unfounded under Florida law. Pursuant to § 775.084, Fla. Stat., the court may sentence a defendant as an habitual felony offender if certain factors are met, including "[t]he felony for which the defendant is to be sentenced, and **one** of the two prior felony convictions, is not a violation of § 893.13 relating to the purchase or the possession

of a controlled substance." (emphasis added). The record demonstrates that one of the two prior felony convictions relied upon by the trial court to enhance Petitioner's sentence was not a violation of § 893.13 relating to the purchase or the possession of a controlled substance. Indeed, the judgment and sentence for case no. 98-09332 includes a conviction for the sale of cocaine. The habitual felony offender notice provided by the state referenced a prior conviction of sale of cocaine, on August 14, 1998, in Pinellas County. (Doc. 10-2 at 2). The sentencing packet includes the judgment of conviction and sentence for sale of cocaine in case no. 98-09332 dated August 14, 1998. (Doc. 10-5 at 2-26), thus, Petitioner's "sentence as a habitual offender meets the requirement that at least one prior felony conviction not be a violation of section 893.13 [relating to the purchase or the possession of a controlled substance]." Jones v. State, 881 So. 2d 584, 585 (Fla. 3rd DCA June 9, 2004) (per curiam) (citing Woods v. State, 807 So. 2d 727, 729 (Fla. 1st DCA 2002) (recognizing that § 775.084(1)(a)3 does not forbid the trial court from imposing a habitual offender sentence merely because one of the prior felonies relates to the purchase or the possession of a controlled substance)).

Here, Petitioner fails to point to any evidence demonstrating it is more likely than not that no juror, acting reasonably, would

12

have found him guilty beyond a reasonable doubt in light of new evidence.  See McQuiggin, 569 U.S. at 395 (restricting the miscarriage of justice exception to a severely confined category of cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted the petitioner) (citation and quotation omitted).  Lack of new evidence establishing actual innocence proves fatal to any gateway claim.

In conclusion, Petitioner has not presented any justifiable reason why the dictates of the one-year imitation period should not be imposed upon him.  He has failed to demonstrate he is entitled to equitable tolling.  He has failed to make a credible showing of actual innocence by offering new evidence that is directly probative of his innocence.  Therefore, the Court will dismiss the Petition and the case with prejudice pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    The Amended Petition for Writ of Habeas Corpus (Doc. 8) and the case are **DISMISSED with prejudice.**

2.    The **Clerk** shall enter judgment dismissing the Amended Petition for Writ of Habeas Corpus (Doc. 8) with prejudice and dismissing the case with prejudice.

3.    The **Clerk** shall close the case.

4.    If  Petitioner  appeals  the  dismissal  of  the  Amended Petition for Writ of Habeas Corpus (Doc. 8), **the Court denies a certificate of appealability.**[3]  Because this Court has determined that  a  certificate  of  appealability  is  not  warranted,  the  **Clerk** shall  terminate  from  the  pending  motions  report  any  motion  to proceed  on  appeal  as  a  pauper  that  may  be  filed  in  this  case. Such termination shall serve as a denial of the motion.

**DONE  AND  ORDERED** at  Jacksonville,  Florida,  this  22nd  day  of May, 2020.

_____
BRIAN J. DAVIS
United States District Judge

sa 5/21
c:
Tony M. Hayward
Counsel of Record

---

[3] This Court should issue a certificate of appealability only if a  petitioner  makes  "a  substantial  showing  of  the  denial  of  a constitutional  right."   28  U.S.C.  § 2253(c)(2).   To  make  this substantial  showing,  Petitioner  "must  demonstrate  that  reasonable jurists  would  find  the  district  court's  assessment  of  the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)),  or  that  "the  issues  presented  were  'adequate  to  deserve encouragement  to  proceed  further,'" Miller-El  v.  Cockrell,  537 U.S.  322,  335-36  (2003)  (quoting Barefoot  v.  Estelle,  463  U.S. 880,  893  n.4  (1983)).   Upon  due  consideration,  this  Court  will deny a certificate of appealability.